**BICKERTON LEE DANG & SULLIVAN**
**A Limited Liability Law Partnership**
TERRENCE M. LEE          2739
THOMAS R. SYLVESTER   4027
Topa Financial Center
745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Telephone: (808) 599-3811
Facsimile: (808) 533-2467
Email: lee@bsds.com; sylvester@bsds.com

**HOLLAND & HART LLP**[1]
L. GRANT FOSTER
BRETT L. FOSTER
GINGER UTLEY
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
Email: gfoster@hollandhart.com, bfoster@hollandhart.com
gutley@hollandhard.com
Attorneys for Plaintiff
UNITEK SOLVENT SERVICES, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITEK SOLVENT SERVICES, INC., a Hawaiʻi Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRYSLER GROUP LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CIVIL NO. 12-00704 JMS RLP<br><br>**FIRST AMENDED COMPLAINT; EXHIBITS "A" TO "F"; DEMAND FOR JURY TRIAL** |

---

[1] Subject to admission *pro hac vice*

## FIRST AMENDED COMPLAINT

Plaintiff UNITEK SOLVENT SERVICES, INC. ("Plaintiff" or "Unitek"), by and through its counsel of record, hereby complains against Defendant CHRYSLER GROUP LLC, ("Defendant" or "Chrysler") as follows:

## INTRODUCTION

1. This is an action for trademark infringement, false designation of origin, unfair competition and related claims against Defendant based on its unauthorized and unlawful use of Plaintiff's ECODIESEL mark. Plaintiff brings this action under the Federal Lanham Act and common law to enjoin Defendant's unlawful conduct and for other relief as set forth in this First Amended Complaint.

## THE PARTIES

2. Plaintiff is a Hawaii corporation having its principal place of business in Kapolei, Hawaii.

3. Plaintiff is informed and believes and thereon alleges that Defendant is a Delaware limited liability company having its principal place of business in Auburn Hills, Michigan. On information and belief, Defendant has sold automobiles through numerous dealerships in Hawaii for many years on a consistent and systematic basis.

## JURISDICTION AND VENUE

4. This is an action for 1) declaratory judgment of trademark validity and that Plaintiff's trademark registration is not subject to cancellation, 2) trademark

infringement and unfair competition under the Lanham Act (a.k.a. Trademark Act of 1946, 15 U.S.C. § 1051-1127, as amended), 3) common law trademark infringement, 4) unfair competition claims, and 5) unjust enrichment.

5.   This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201-2202 (declaratory judgment), 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).

This Court has general personal jurisdiction over Defendant because it has continuously and systematically transacted business in the District of Hawaii (this "District") through several dealerships for many years.  This Court has specific personal jurisdiction over Defendant because the actions giving rise to this lawsuit, namely Defendant's actions of promoting its infringing ECODIESEL 3.0L brand, in part through advertising and marketing, have occurred throughout the United States including in this District, and Defendant has thereby caused damages to Plaintiff in this District.

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendant, and because a substantial part of Defendant's acts and omissions giving rise to Plaintiff's claims occurred in this District.

## **GENERAL ALLEGATIONS**

7.      Plaintiff uses highly specialized waste oil refining equipment (PDX System) to process used oil into a diesel fuel product that is sold and marketed under the trademark ECODIESEL®.

8.      Plaintiff uses the ECODIESEL® mark in conjunction with both the PDX System that produces the diesel fuel and the diesel fuel itself.

9.      Since at least 2006, Plaintiff has marketed the PDX System using the ECODIESEL mark throughout the United States and internationally and has sold the processed ECODIESEL® fuel in Hawaii.

10     Plaintiff's efforts and accomplishments with respect to producing a diesel fuel product from used oil have contributed to its reputation and goodwill, resulting in media acclaim and nation-wide exposure.

11     Plaintiff's PDX System and diesel fuel product have been promoted under Plaintiff's ECODIESEL® mark, which has become an asset of substantial value as a symbol of Plaintiff, its exceedingly high quality and environmentally-friendly diesel fuel product, and its goodwill.

12.     Plaintiff has made great expenditures and sacrifices to achieve the success it now enjoys.  As a result of Plaintiff's favorable reputation and considerable investment in and promotion of its goodwill, Plaintiff's

ECODIESEL® mark has become synonymous with Plaintiff and its PDX System and diesel fuel product.

13. Since at least 2006, Plaintiff has extensively marketed and promoted the PDX System and ECODIESEL® fuel through various means and modes, including but not limited to the following: trade shows, telephone, email, DVD promotional videos, and in person.

14. By reason of Plaintiff's advertising and promotion under Plaintiff's Mark, the public has come to recognize Plaintiff's PDX System and ECODIESEL® fuel as emanating from Plaintiff.

15. In or about 2008, the State of Hawaii, under the jurisdiction of the Environmental Protection Agency Region 9 (EPA), issued certain Air Quality Permits to consumers of ECODIESEL® fuel. The permits formally recognize ECODIESEL® fuel as an alternative fuel source. This EPA permit adds substantial value to both the ECODIESEL® fuel and the PDX process used to manufacture the ECODIESEL® fuel.

16. Plaintiff is the owner of a federal registration for its ECODIESEL® mark, Registration No. 3,166,981. A copy of Plaintiff's registration certificate is attached as Exhibit A. Plaintiff also enjoys common law trademark rights in the ECODIESEL® mark in connection with the PDX System and diesel fuel product.

17.   Defendant makes, promotes, and sells automobiles that run on diesel fuel.

18.   On information and belief, Defendant acquired the Jeep brand of automobiles as part of its purchase of American Motors in 1987 and continues to sell Jeep brand automobiles.

19.   Defendant recently began publicizing its plan to use the mark ECODIESEL 3.0L ("Infringing Mark") in connection with a line of diesel fuel vehicles that it will introduce in 2013.  Word of Defendant's new ECODIESEL 3.0L brand has been carried through various publications with nationwide distribution, including Car & Driver, Motor Trend and Truck Trend.  *See* Exhibit B.

20.   Defendant's use of the Infringing Mark in advertising and promotional materials has recently expanded.  On January 14, 2013, Defendant issued a press release, published through its media website, www.media.chrysler.com and accessible through Chrysler.com, touting the ECODIESEL 3.0L brand.  The Chrysler website is open and accessible to the public and individuals throughout the United States and world.  A copy of the press release is attached hereto as Exhibit C.

21.   Defendant also has created and made available advertising and promotional materials through its Jeep website ("www.jeep.com"), highlighting the

ECODIESEL 3.0L brand.  The advertising materials available on Jeep.com include downloadable marketing brochures that discuss and picture the ECODIESEL mark branded on Defendant's newly-released line of Jeep vehicles.  These brochures and images are available online and thus accessible to the public and individuals throughout the United States and world.  A copy of the Jeep brochure is attached hereto as Exhibit D; Jeep images bearing the ECODIESEL mark are attached hereto as Exhibits E & F.

22. On June 25, 2012, Defendant filed a trademark application for the Infringing Mark at the U.S. Patent and Trademark Office ("PTO") under Serial No. 85660232 ("Application").

23. On September 3, 2012, the PTO issued an Office Action refusing to register Defendant's Infringing Mark because of a likelihood of confusion with Plaintiff's ECODIESEL® mark.

24. Undeterred by the clear infringement that would occur through using the Infringing Mark, Defendant filed a Petition for Cancellation of Plaintiff's ECODIESEL® mark registration on November 21, 2012 in the PTO, asserting baseless allegations of abandonment, non-use, and lack of secondary meaning.  Defendant's petition is clear evidence of its continued intent to use the Infringing Mark on diesel fuel vehicles despite Plaintiff's trademark rights.

25. As a result of the petition for cancellation and circumstance of the PTO's refusal to register Defendant's Infringing Mark, there exists an actual and justifiable controversy between Plaintiff and Defendant regarding whether Plaintiff's registered trademark is valid and/or should be subject to cancellation.

26. Defendant's use of the Infringing Mark is likely to cause consumer confusion and a false association between ECODIESEL® fuel and the PDX System that produces ECODIESEL® fuel, and the diesel vehicles sold by Defendant, erroneously leading consumers to believe that Plaintiff and Defendant are affiliated, allowing Defendant to unjustly benefit from the goodwill and reputation embodied in the ECODIESEL® mark as it relates to Plaintiff's diesel fuel creation process and ECODIESEL® fuel.

27. Defendant's use of the Infringing Mark has resulted in, and will continue to result in, substantial and irreparable harm to Plaintiff.

28. Plaintiff has not granted Defendant permission or license to use its ECODIESEL® mark.

29. Defendant's use of the Infringing Mark constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendant's goods offered to the public by Defendant as originating from, or connected or associated with Plaintiff.

30.   Defendant's unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms, it:

   a.   Deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public;

   b.   Deceives the public as to the origin and sponsorship of Defendant's goods;

   c.   Wrongfully trades upon and cashes in on Plaintiff's reputation and goodwill and the significant capital expenditures made by Plaintiff in respect to marketing ECODIESEL® fuel and the PDX System that produces ECODIESEL® fuel; and

   d.   To the extent Defendant's goods are or may be defective or of poor quality, will cause irreparable harm and injury to Plaintiff's reputation.

31.   Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from using the Infringing Mark in connection with any diesel fuel-related products, including diesel vehicles.

32.   Plaintiff is further entitled to recover from Defendant the damages, including treble damages, interest, and attorneys' fees and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendant as a

result of Defendant's acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

33. To the extent Defendant's 2013 launch of vehicles under the Infringing Mark occurs, Plaintiff will be entitled to all resulting damages caused by Defendant's willful infringing conduct, including, without limitation, disgorgement of profits and corrective advertising damages.

## CAUSES OF ACTION

### COUNT I
### (DECLARATORY JUDGMENT OF REGISTRATION VALIDITY)

34. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

35. Plaintiff's trademark registration for ECODIESEL® is valid and subsisting.

36. Plaintiff has used its ECODIESEL® mark in commerce, and has made bona fide use, for the goods recited in Plaintiff's trademark registration.

37. Plaintiff has not abandoned its rights in its ECODIESEL® trademark.

38. To the extent it is descriptive of the goods recited in Plaintiff's registration, Plaintiff's mark ECODIESEL® has acquired secondary meaning.

39. By reason of the foregoing, Plaintiff is entitled to a judgment declaring that its Registration No. 3,166,981 is valid and not subject to the trademark registration cancellation sought by Defendant.

## COUNT II
### (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER § 43(a)(1)(A) OF THE LANHAM ACT)

40. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

41. Defendant has used and plans to use the Infringing Mark in commerce, which is likely to cause confusion, or to cause mistake or to deceive, as to whether Defendant is affiliated, connected, or associated with Plaintiff and/or as to whether Plaintiff has sponsored or approved of Defendant's activities.

42. By so acting, Defendant has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

43. Plaintiff has been and will continue to be damaged and irreparably harmed by such wrongful actions.

44. Because Defendant's actions, on information and belief, are intentional, willful and/or deliberate, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

45. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## COUNT III
### (TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT)

46. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

47.   Defendant's actions as described above, including Defendant's unauthorized use of the Infringing Mark to promote its diesel fuel vehicles through various modes of advertising, including on the Chrysler and Jeep websites, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's vehicles by Plaintiff.  Defendant's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

48.   Defendant's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's registered ECODIESEL® mark and the marketability of the PDX System used to produce ECODIESEL® fuel, as well as damages and irreparable injury to Plaintiff's business, goodwill, and reputation.  Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain.  On information and belief, Defendant's use of Plaintiff's registered mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Mark, and makes this case exceptional.

49.   By virtue of the foregoing, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

50. By virtue of the foregoing, Plaintiff is entitled to an award of attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

51. By virtue of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## COUNT IV
### (COMMON LAW TRADEMARK INFRINGEMENT)

52. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

53. Plaintiff's Mark is distinctive and has acquired secondary meaning.

54. Defendant's actions, as alleged above, infringe Plaintiff's common law trademark rights under federal common law and constitute acts of unfair competition.

55. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

56. The infringing activities of Defendant, on information and belief, are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT V
### (UNJUST ENRICHMENT)

57. Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

58.   Defendant has benefited from the improper, unfair, and unauthorized use of Plaintiff's exclusive trademark rights and goodwill attendant thereto, as alleged above.

59.   Defendant has knowledge and fully appreciates the benefits it has received from Plaintiff as a result of such actions.

60.   Defendant would be unjustly enriched if it were permitted to retain the proceeds and benefits obtained from such actions.

61.   Equity and good conscience dictate that Defendant be required to account for and turn over to Plaintiff an amount equal to the value of the benefits conferred upon it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.   That the Court declare that Plaintiff's Trademark Registration No. 3,166,981 is valid and not subject to the trademark registration cancellation sought by Defendant;

B.   Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from infringing any of Plaintiff's rights in Plaintiff's ECODIESEL® mark;

C.   Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from using any marks similar to

Plaintiff's ECODIESEL® mark that are likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Plaintiff and as to whether Defendant's goods have been authorized or sponsored by Plaintiff;

    D.    Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from engaging in unfair competition;

    E.    Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of goods by its use of the Infringing ECODIESEL® mark;

    F.    Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to affiliation, connection, association with, or certification by another, by its use of the Infringing ECODIESEL® mark;

    G.    An order of the Court directing Defendant to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendant's possession, custody, or control and which bear the Infringing Mark or any confusingly similar variant, and an order from the Court compelling Defendant to notify its direct

customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff;

      H.     An order from the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Amended Complaint;

      I.     Awarding Plaintiff its actual damages, corrective advertising damages, and any additional damages that the Court deems just and equitable under the circumstances of the case;

      J.     Awarding Plaintiff treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claim asserted under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a);

      K.     Establishment of a constructive trust consisting of profits from or obtained by Defendant's wrongful acts, to be held for the benefit of Plaintiff;

      L.     Awarding Plaintiff damages to which it is entitled based upon Defendant's unjust enrichment;

      M.     Awarding Plaintiff prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Amended Complaint through the date of judgment;

      N.     Awarding Plaintiff its allowable costs and attorneys' fees; and

  O. Awarding Plaintiff such other and/or further relief as is just and equitable.

  DATED:  Honolulu, Hawaiʻi, January 25, 2013.

        /s/ Thomas R. Sylvester
        TERRENCE M. LEE
        THOMAS R. SYLVESTER

        Attorneys for Plaintiff
        UNITEK SOLVENT SERVICES, INC.