IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITEK SOLVENT SERVICES, INC., a Hawai'i Corporation,<br><br>   Plaintiff/Counterclaim-Defendant,<br><br> vs.<br><br>CHRYSLER GROUP LLC, a Delaware Limited Liability Company,<br><br>   Defendant/Counterclaim-Plaintiff. | CIVIL NO. 12-00704 DKW-RLP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND DISMISSING DEFENDANT'S COUNTERCLAIMS** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND DISMISSING DEFENDANT'S COUNTERCLAIMS**

Following an order from this Court denying its motion for preliminary injunction, an order that was affirmed by the Ninth Circuit, Unitek no longer wishes to pursue its trademark infringement claims and seeks to resolve the parties' remaining registration/cancellation claims in the proceeding before the Trademark Trial and Appeal Board ("TTAB") that was stayed in March 2013. Because Unitek has agreed to dismiss all of its infringement claims with prejudice, Chrysler's infringement-related counterclaim seeking declaratory relief is moot, leaving this

Court without any non-registration/cancellation-related issues. The Court dismisses the registration/cancellation claims without prejudice and defers to the TTAB for resolution of those claims.

## BACKGROUND

The parties are familiar with the background of this case, as described in the Court's September 30, 2013 order denying Unitek's motion for preliminary injunction. Those facts are not repeated here.

Unitek appealed this Court's September 30 order, and this matter was stayed, at Unitek's request, pending appeal. Dkt. No. 211. On appeal, the Ninth Circuit affirmed. Dkt. No. 213.

Unitek now moves for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). Unitek seeks dismissal with prejudice of its trademark infringement claims (Unitek Counts 2–5) and, consequently, Chrysler's infringement claim (a portion of Chrysler Counterclaim 1). Unitek also seeks to dismiss without prejudice its registration validity claim (Unitek Count 1) and the corollary cancellation claim asserted by Chrysler (Chrysler Counterclaim 2 and a portion of Counterclaim 1), so that those claims may be adjudicated in the cancellation proceeding before the TTAB that was previously stayed following the filing of the complaint in this action.

## STANDARD OF REVIEW

Rule 41(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. When, as is the case here, an opposing party has served an answer, a plaintiff may voluntarily dismiss an action only by court order:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion . . . ." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Id.* (internal citation omitted).

"[W]hen ruling upon a Rule 41(a)(2) motion to dismiss without prejudice, the district court must first determine whether the opposing party will suffer resultant legal prejudice." *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.*, 2011 WL 2938512, at *2 (D. Haw. July 18, 2011); *see Smith v. Lenches*, 263 F.3d 972, 975

(9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." (internal citation omitted)). Legal prejudice is "'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Smith*, 263 F.3d at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "Uncertainty because a dispute remains unresolved" or "the threat of future litigation which causes uncertainty" does not constitute legal prejudice. *Westlands Water Dist.*, 100 F.3d at 96–97. "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976.

## **DISCUSSION**

The Court grants Unitek's motion for voluntary dismissal: Unitek Count 1 is dismissed without prejudice and Unitek Counts 2–5 are dismissed with prejudice. The Court also dismisses with prejudice the portion of Chrysler's Counterclaim 1 that seeks declaratory relief related to infringement because that claim is mooted by the dismissal of Unitek Counts 2-5.

Consistent with Rule 41(a)(2), the Court finds that Chrysler's remaining registration/cancellation counterclaims (*i.e.*, a portion of Counterclaim 1 and all of

4

Counterclaim 2) can remain pending for independent adjudication by this Court. Those remaining counterclaims, however, are dismissed without prejudice under the doctrine of primary jurisdiction. The remaining counterclaims, together with Unitek Count 1, are more appropriately and efficiently adjudicated by the TTAB, in part, because they do not involve any infringement-related determination, because discovery taken in this proceeding may generally be used before the TTAB, because registration and cancellation issues are at the core of the TTAB's expertise, and because the registration amendment contemplated by Unitek, which in itself could narrow the range of remaining issues in dispute, may only be accomplished before the TTAB.

As a threshold matter, the Court determines that Chrysler's counterclaims could remain pending if the Court granted the motion for voluntary dismissal of Unitek's claims. As noted above, Rule 41(a)(2) permits dismissal even though a counterclaim has been filed where the counterclaim can remain pending for independent adjudication by the court. Thus, the initial question before this Court before deciding on dismissal of Unitek's claims is whether Chrysler's counterclaims can remain pending if the Court were to dismiss Unitek's claims. "If the answer is yes, then the Court may proceed to determine whether [Unitek] should be permitted to dismiss the action. On the other hand, if the counterclaim cannot exist alone, the

Court is precluded from allowing the action to be dismissed." *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 354 (E.D.N.Y. 2002). In determining if a counterclaim can remain pending:

> a plaintiff may not dismiss an action when the dismissal would destroy federal jurisdiction and prevent the court from adjudicating the defendant's counterclaim. However, when there is an independent jurisdictional basis for the counterclaim, Rule 41 does not prohibit dismissal of the underlying complaint. Similarly, the pendency of a compulsory counterclaim will not defeat dismissal, since the court may retain jurisdiction over a compulsory counterclaim under Rule 13 so long as it had subject matter jurisdiction over the main claim.

*Eberhard Inv. Assoc., Inc. v. Santino*, 2004 WL 594728, at *2 (S.D.N.Y. Mar. 25, 2004) (quoting 8 James Wm. Moore, *Moore's Federal Practice*, § 41.40[8][a] (3d ed. 1997); *see* 9 Wright & Miller, *Federal Practice and Procedure*, § 2365 (3d ed.) ("The rule prohibits dismissal when the counterclaim lacks independent grounds of jurisdiction . . . .").

There are independent jurisdictional grounds for both of Chrysler's counterclaims. The Court has federal question subject matter jurisdiction both for Chrysler's counterclaim under the Declaratory Judgments Act and the counterclaim for cancellation of trademark under the Lanham Act. *See* Counterclaim ¶ 4 (asserting that "[t]his Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and

6

1338). Indeed, Chrysler urged this Court, both in its briefing and at the hearing, that the Court could dismiss Unitek's complaint but retain jurisdiction over the counterclaims, suggesting that Chrysler agrees that independent jurisdictional bases for the counterclaims exist. The Court therefore determines that both counterclaims could remain pending, even if Unitek's claims are dismissed, and will determine whether Unitek's claims should be dismissed in the first instance.[1]

## I. Unitek's Counts 2–5

Unitek seeks to dismiss all of its infringement-related claims (Counts 2–5) with prejudice. Though Chrysler may have qualms with the disposal of its counterclaims, Chrysler does not oppose the dismissal of Unitek's infringement claims with prejudice. Accordingly, the Court, in its discretion, concludes that Unitek Counts 2–5 should be dismissed with prejudice and grants Unitek's motion to that effect.

## II. Unitek's Count 1

Unitek seeks to dismiss without prejudice its Count 1—asserting that its registration is valid—so that Unitek may pursue that claim in opposing the cancellation proceeding brought by Chrysler before the TTAB, and so that Unitek

---

[1] Although Unitek also moves to dismiss Chrysler's counterclaims as part of its motion for voluntary dismissal, Rule 41 is not a vehicle to dismiss counterclaims asserted by another party. However, the Court will sua sponte dismiss the counterclaims for the reasons described below.

may seek amendment of its own registration. Because Unitek seeks dismissal of this claim without prejudice, the Court determines whether Chrysler will suffer legal prejudice as a result of such dismissal. *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.*, 2011 WL 2938512, at *2 (D. Haw. July 18, 2011).

"In determining whether dismissal without prejudice is appropriate, district courts in this circuit have considered the following factors: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence by the moving party in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) the fact that the opposing party has moved for summary judgment." *Beckett v. MACYSDSNB*, 2012 WL 479593, at *2 (N.D. Cal. Feb. 14, 2012) (citing cases). Although Chrysler does not argue that it will be prejudiced directly as a result of a dismissal without prejudice of Unitek Count 1, Chrysler does argue that it will be prejudiced by dismissal of its own corollary cancellation claims. The Court will therefore consider those same arguments of legal prejudice in determining dismissal of Unitek Count 1.

Chrysler offers that it has expended considerable effort and expense into developing the record in this case, the results of which are not automatically transferable to the TTAB and which therefore may require duplication. TTAB

regulations, however, provide that, among other things, the following is evidence in proceedings before the TTAB:

> Testimony from other proceedings. By order of the Trademark Trial and Appeal Board, on motion, testimony taken in another proceeding, or testimony taken in a suit or action in a court, between the same parties or those in privity may be used in a proceeding, so far as relevant and material, subject, however, to the right of any adverse party to recall or demand the recall for examination or cross-examination of any witness whose prior testimony has been offered and to rebut the testimony.

37 C.F.R. § 2.122(f). Accordingly, the Court sees no reason why Chrysler would not be able to rely on the deposition testimony that came out of this action, as well as the record of live testimony at the preliminary injunction hearing, to the same extent that it could if proceedings here continued unabated. The Court recognizes that document evidence from this case may not be *automatically* admissible before the TTAB. However, most of the evidence before this Court related to the parties' infringement claims, which claims, as a result of this order, will not be a part of the TTAB or any other proceeding. Therefore, the Court is not convinced that proceeding before the TTAB will burden Chrysler with duplicative efforts at obtaining evidence. In weighing Chrysler's effort and expense in preparing its case here, the Court concludes that this factor is neutral because most of the fruits of that effort and expense should be transferable to the TTAB proceeding.

The remaining three factors to consider in dismissing Unitek Count 1 without prejudice—excessive delay and lack of diligence by the moving party in prosecuting the action, insufficient explanation of the need for dismissal, and the fact that the opposing party has moved for summary judgment—all counsel in favor of dismissal. There is no evidence of excessive delay or lack of diligence by Unitek in prosecuting the matter before this Court, and Chrysler does not argue that there is. Unitek's explanation of the need for dismissal—that it desires to avoid further litigation costs and that it seeks amendment of its registration, which it can only seek before the TTAB—is also sufficient. Finally, no motion for summary judgment has been filed by anyone.

Because it does not appear that Chrysler will suffer legal prejudice as a result of the dismissal of Unitek Count 1, the Court grants Unitek's motion to dismiss Unitek Count 1 without prejudice.

### III. <u>Chrysler's Infringement Counterclaim (Part of Counterclaim 1)</u>

Having granted the motion for voluntary dismissal of all of Unitek's claims, the Court now turns to the question of how to proceed with Chrysler's

counterclaims.[2] Chrysler's Counterclaim 1 seeks, in part, declaratory relief that Chrysler has not infringed on Unitek's trademark:

> Chrysler denies that it has infringed or that its use of the ECODIESEL and Design Mark in connection with its vehicles will ever infringe or in any way violate Unitek's purported rights in its putative mark ECODIESEL.

Counterclaim (Dkt. No. 13) ¶ 21; *see id.* ¶ 25 ("Chrysler is entitled to a declaration by this Court that . . . Chrysler's ECODIESEL and Design Mark does not infringe, dilute, or otherwise violate Unitek's purported rights."). The Court will address this infringement portion of Counterclaim 1 first.

In light of the dismissal with prejudice of all of Unitek's infringement claims, the Court concludes that Chrysler's infringement counterclaim is now moot. In other words, dismissal with prejudice of all of Unitek's infringement claims is tantamount to the declaration that Chrysler seeks in the infringement portion of Counterclaim 1. Accordingly, the infringement portion of Chrysler's Counterclaim 1 is dismissed with prejudice as moot.

---

[2]Although Chrysler makes arguments to show legal prejudice that it asserts should instruct against dismissal of its counterclaims, the question of legal prejudice (*i.e.*, the examination conducted in deciding whether to permit dismissal under Rule 41(a)(2)) is not applicable to the counterclaims. As Chrysler itself argued (and as the Court noted above), Rule 41(a)(2) is a vehicle for Unitek to seek dismissal of its own claims. "Rule 41(a)(2) neither preclude[s] nor require[s] dismissal of the counterclaim since it c[an] remain pending for independent adjudication." *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 n.3 (9th Cir. 1966).

## IV. Chrysler's Cancellation Counterclaims (Part of Counterclaim 1 and all of Counterclaim 2)

The remaining portion of Chrysler's Counterclaim 1 seeks declaratory relief that Unitek's ECODIESEL mark is not protectable:

> Unitek's putative mark ECODIESEL is not protectable because
>
> a. Unitek has failed to use ECODIESEL as a trademark, in connection with the goods for which it claims rights;
> b. The putative mark ECODIESEL is merely descriptive, is not inherently distinctive, and Unitek has failed to establish any secondary meaning in the putative mark; and
> c. Unitek has abandoned any rights it may have had by discontinuing use of the putative mark ECODIESEL.

Counterclaim ¶ 22; *see id.* ¶ 25 ("Chrysler is entitled to a declaration by this Court that . . . Unitek cannot and does not have any protectable trademark rights in the putative mark ECODIESEL."). Chrysler's Counterclaim 2 similarly alleges (but with more detail) that:

> Because Unitek is not entitled to maintain any rights to the putative mark ECODIESEL, including those rights accompanying a federal registration, the Court should issue appropriate orders pursuant to 15 U.S.C. § 1119 directing the Director of the United States Patent and Trademark Office to cancel U.S. Registration No. 3,166,981.

Counterclaim ¶ 30. Thus, a portion of Counterclaim 1, and Counterclaim 2, both challenge the validity and protectability of Unitek's trademark in the first instance, and whether a mark found to be valid should nonetheless be canceled in the second.

The Court concludes, in consideration of the principles of primary jurisdiction, that the questions raised by the cancellation portion of Counterclaim 1 and all of Counterclaim 2 (the "cancellation counterclaims") should be decided in the cancellation proceeding before the TTAB. Consequently, the Court dismisses the cancellation counterclaims without prejudice so that they may be adjudicated before the TTAB, together with Unitek Count 1.

"Primary jurisdiction is not a doctrine that implicates the subject matter jurisdiction of the federal courts. Rather, it is a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co., Ltd. V. Microchip Tech., Inc.*, 307 F.3d 775, 780 (9th Cir. 2002).[3] In the context of applying primary jurisdiction to trademark litigation, "where . . . there is a potential infringement lawsuit, federal courts are particularly well-suited to handle the claims so that parties may quickly obtain a determination of their rights without accruing potential damages." *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1164 (9th Cir. 2007). Thus, primary jurisdiction principles do not counsel in favor of deferring to the TTAB where potential

---

[3] Although the parties did not raise the question of primary jurisdiction in discussing dismissal of the claims or counterclaims, this Court may raise it sua sponte. *Syntek*, 307 F.3d at 780 n.2.

infringement claims are involved. However, where infringement claims are not part of the claims to be adjudicated, the Ninth Circuit explains that:

> We agree with the Second Circuit that some situations might justify deferring a declaratory judgment case when related TTAB proceedings are pending; specifically, where the district court action involves only the issue of whether a mark is entitled to registration, it might make more sense to resolve the registration claims at the TTAB first. On the other hand, if, as here, a potential infringement claim requires the district court to resolve much or all of the registration issues, it would waste everyone's time not to settle the registration issue now, in district court. The deciding factor should be efficiency; the district court should exercise jurisdiction if this course is more efficient; otherwise, not.

*Id.* at 1165 (internal quotation marks, citations, and alterations omitted). Stated otherwise, in analyzing principles of primary jurisdiction and considering whether to exercise jurisdiction in a trademark case or defer to the TTAB for adjudication, this court should consider: (1) whether the action potentially involves infringement claims or, alternatively, only registration-related claims; and (2) which venue would more efficiently resolve the claims. *Id.*

In applying the considerations laid out in *Rhoades*, the Court concludes that the circumstances of the case at this juncture counsel for deferral to the TTAB to decide the cancellation claims (the only remaining claims in this case). First, as a result of the dismissal of all of the infringement-related claims with prejudice, this case only involves issues concerning the validity of Unitek's ECODIESEL mark.

There is no possibility of Unitek asserting any infringement claims against Chrysler.[4] Thus, as the Ninth Circuit stated in *Rhoades*:

> [i]f a district court action involves only the issue of whether a mark is entitled to registration and if subject matter jurisdiction is available, the doctrine of primary jurisdiction might well be applicable, despite the differences between the trademark registration scheme and other regulatory patterns. In such a case, the benefits of awaiting the decision of the [PTO] would rarely, if ever, be outweighed by the litigants' need for prompt adjudication. But where . . . a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the PTO.

*Id.* at 1163 (quoting *Goya Foods, Inc. v. Tropicana Prod., Inc.*, 846 F.2d 848, 853–54 (2d Cir. 1988)). Registration and cancellation issues, the only ones remaining here, are among those that the TTAB was designed to adjudicate. 15 U.S.C. § 1067 ("In every . . . application to cancel the registration of a mark, the Director shall give notice to all parties and shall direct a Trademark Trial and Appeal Board to

---

[4]At the hearing, Chrysler asserted that, as part of its Counterclaim 1, Chrysler was seeking a declaration as to Unitek's common law trademark rights, in addition to Unitek's registration rights, and thus the cancellation counterclaims included substantive questions that exceeded what could be adjudicated by the TTAB. *See* Counterclaim ¶ 25 ("Chrysler is entitled to a declaration by this Court that . . . Unitek cannot and does not have any protectable trademark rights in the putative mark ECODIESEL."). What Chrysler did not note, however, is that the Court, without dispute from either Unitek or Chrysler, has now dismissed with prejudice Unitek Count 4. That count specifically asserted a claim for common law trademark infringement. First Amended Complaint ¶¶ 52–56. With that claim now dismissed with prejudice, it is not possible that Unitek will raise any common law claim for infringement against Chrysler. As such, any request by Chrysler for a declaration that Unitek does not have protectable common law trademark rights as to Chrysler is now moot.

determine and decide the respective rights of registration."); *see Realty Experts Inc. v. RE Experts Inc.*, 2012 WL 699512, at *2 (S.D. Cal. Mar. 1, 2012) ("PTO's Trademark Trial and Appeal Board . . . has been established 'to determine and decide the respective rights of registration' in contested proceedings." (quoting 15 U.S.C. § 1067)). This consideration of primary jurisdiction thus weighs in favor of deferring to the TTAB.

Second, the Court concludes that proceeding with the cancellation claims before the TTAB would be more efficient than litigating the cancellation claims in this Court. The cancellation proceeding currently pending before the TTAB preceded this matter, and was stayed when Unitek initiated this case. Thus, the parties need only seek a lift of the stay in order to resume before the TTAB.[5] Further, Unitek wishes to amend its registration in an effort to narrow, and possibly avoid, the registration dispute before the TTAB. The parties agree that the registration amendment, if Unitek is permitted to so amend, could only occur before

---

[5]Even if, as Chrysler argued at the hearing, the proceeding before the TTAB may take a few more months to conclude than the matter before this Court might, "'the benefits of awaiting the decision of the [PTO] would rarely, if ever, be outweighed by the litigants' need for prompt adjudication.'" *Rhoades*, 504 F.3d at 1163 (quoting *Goya Foods, Inc. v. Tropicana Prod., Inc.*, 846 F.2d 848, 853–54 (2d Cir. 1988)).

the agency, and not before this Court.[6]  In addition, as noted above, TTAB procedures permit the use of at least most of the discovery taken in the instant action as evidence before the TTAB.  Accordingly, the Court concludes that the TTAB is better equipped to decide the cancellation counterclaims.[7]  *See, e.g., Realty Experts*, 2012 WL 699512, at *2–4 (applying the considerations laid out in *Rhoades* and concluding that primary jurisdiction applied to allow the TTAB to adjudicate claims of eligibility for registration).

## V. <u>**Attorneys' Fees**</u>

The parties agree that in trademark litigation cases, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117.  "'When a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant.'"  *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th

---

[6] Although Chrysler agrees that amendment of a registration can only occur with the PTO, Chrysler asserts that Unitek is not entitled to amendment because it has not used its mark in interstate commerce.  This argument, however, goes to the merits of Chrysler's cancellation counterclaims and addresses a question that the TTAB is well-equipped to decide.  The Court will not address whether Unitek has used its mark in interstate commerce in connection with any of the goods listed in its registration.  In fact, after the hearing, Unitek filed an ex parte motion for leave to file a sur-reply that addresses the issue of Unitek's use of its mark in interstate commerce.  Dkt. No. 237.  Because the Court does not reach this issue and defers it (as part of the cancellation counterclaims) to the TTAB, Unitek's ex parte motion is denied as moot.

[7] These same considerations counsel in favor of deferring to the TTAB to decide Unitek Count 1.

Cir. 1997) (quoting *Scott Fetzer Co. v. Williamson*, 101 F.3d 549 (8th Cir. 1996)). "Under the Lanham Act, an award of attorney's fees is within the district court's discretion." *Id.* at 825.

Chrysler has failed to demonstrate that this case is an exceptional one within the meaning of Section 1117. The fact that Unitek filed this action, chose to move for a preliminary injunction, and then appealed this Court's order denying that motion does not illustrate that Unitek's claims were groundless, unreasonable, or pursued in bad faith. In fact, the Court's preliminary injunction order illustrates that Unitek's claims were far from groundless, and required a deliberate balancing of the relevant factors. In addition, Unitek moved for a stay pending appeal in order to reduce unnecessary litigation, which is contrary to any assertion that Unitek sought to prolong this action.

Because this is not an exceptional Lanham Act case, the Court declines to award attorneys' fees to Chrysler.

## **CONCLUSION**

Unitek's motion for voluntary dismissal is hereby GRANTED. Unitek Count 1 is dismissed without prejudice. Unitek Counts 2–5 are dismissed with prejudice. As a result of the dismissal of Unitek's claims, the infringement portion of Chrysler's Counterclaim 1 is dismissed with prejudice as moot. Finally, the

cancellation portion of Counterclaim 1 and all of Counterclaim 2 are dismissed without prejudice.

IT IS SO ORDERED.

DATED: October 31, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Unitek Solvent Services, Inc. v. Chrysler Group LLC; CV 12-00704 DKW/RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND DISMISSING DEFENDANT'S COUNTERCLAIMS